(3)

AUG 2 4 2004

United States District Court
District of Connecticut

KEVIN TUCKER

V.

CAPTAIN MAURICE BUTLER, ET AL

Civil No: 3:02 CV 1357 (WWE) (HBF)

September 14, 2004

<u>Memorandum of Law in Support of</u>
<u>Objection to Summary Judgement Motion</u>

I the Plaintiff Kevin Tucker #94084 brings forth this above objection motion on the grounds of the defendants acted in whole or in part to act under color of state law. To cause reckless and deliberate indifference to the pititioner constitutional rights

Kevin S. Tucker 94084
Mac'Dougall, C.I.
1153 East Street
Suffield, CT 06080

(4)

Kevin Tucker 94084
KEVIN TUCKER #94084
MAC'DOUGALL, CORRECTIONAL
1153 EAST STREET SOUTH
SUFFIELD, CT 06080

## CERTIFICATION

I HEREBY CERTIFY THAT NOTICE OF THE FOREGOING HAS BEEN MAILED TO THE FOLLOWING ON THIS 14TH DAY OF SEPTEBER 2004

→ TO: ROBERT B. FISKE, III
ASSISTANT ATTORNEY GENERAL
110 SHERMAN STREET
HARTFORD, CT. 06105
FEDERAL BAR #CT 17831
TEL (860) 808-5450
FAX (860) 808-5591

By: Kevin S Tucker #94084
Mac' Dougall, C.I.
1153 East Street South
Suffield, CT 06080



① <u>INTRODUCTION</u>

I KEVIN TUCKER #44084 IS A PRO SE PARTY IN THIS ACTION WHICH WILL INDICATE AND DEMONSTRATE CLEARLY VIOLATIONS TO MY 8TH AMENDMENT CONSTITUTIONAL RIGHTS WHICH CLAUSES UNDER THE UNITED STATES CONSTITUTION

② ON JANUARY 8, 2002 THE PLAINTIFF AND HIS EX-CELLMATE EXPLAINED TO CAPTAIN BUTLER THAT THEY BOTH DID NOT GET ALONG AND BOTH FELT THERE LIVES WERE IN DANGER AND CAPTAIN BUTLER PUT THEM BOTH BACK IN THE SAME CELL TOGETHER UNDERSTANDING THEY BOTH WERE NOT GETING ALONG HAD PROBLEMS AND INMATE MORRIS STATED TO CAPTAIN BUTLER HE WAS GONNA KILL AND FUCK INMATE TUCKER UP AND CAPTAIN BUTLER FAILED TO TERMINATE AND EXPEDITE THE SERIOUS PROBLEM. THIS RESULTED IN TREMENDOUS AFTERWARD ASSAULTS WHICH CAPTAIN BUTLER IS LIABLE. IF CAPTAIN BUTLER WOULD OF SEPERATED THE PLAINTIFF AND THE PLAINTIFF EX-CELLMATE MORRIS NEAL, THE PLAINTIFF WOULD OF NEVER HAVE BEEN A TARGET OF EXCESSIVE USE OF FORCE. ACCORDING TO ADMINISTRATIVE DIRECTIVES 9.2 AND 9.4 WHEN A PRISONER IS PLACED ON ADMINISTRATIVE SEGREGATION STATUS THEY IMPOSE A THREAT TO STAFF AND OTHERS

(6)

prisoners and restrictive housing requires seperation of these prisoners with anger and aggression problems. Northern, C.I. and Captain Butler double cells up putting inmates with anger and aggression problems which impose threats to each other in the cells together. On January 8, 2002 participation of fighting took place. And officers Odell, Melbourne, Lindsey on the scene. Instead of bringing the plaintiff to a prone position they used unsafe methods which resulted in excessive force. They picked the plaintiff up in the air and body slammed him straight on the floor on his face causeing injuries to his mouth which was bleeding and also injuries to his nose which was also bleeding and caused a big red lump on the side of his head. Then officer Lindsey stood straight up on the plaintiff ribs and kneeling on his ribs causing his pain to his ribs and pissing out blood in his urine, I was urinating blood and. Then Odell started pulling my right finger all the way back applying to much pressure to my finger, then he started telling me to stop resisting, which I wasn't I was complying to all orders given to me but he was acting like I was disregarding orders so he can keep applying unlawful

(2)

pain and pressure to my hand and finger odell actions resulted in my finger being fracture in which I went to a outside hospital to see a bone doctor at UCONN. Nurse practioner Saundra Katz, Feinberg denied me the plaintiff medical treatment for my finger she said nothing was wrong with my finger but a outside bone doctor stated it was fracture, she conspired to cover this up, the plaintiff had to write her supervisor to receive medical treatment for my finger and ribs an outside doctor proved my finger was fractured. The plaintiff can prove he had to write to her supervisor for medical treatment, as well as her denying him medical treatment in the past!!

(3)   ARGUMENTS

By captain Butler leaving the plaintiff and his ex-cellmate in the cell together after the ex-cellmate Morris meal held the food trap and took it for hostage so he can get moved out of the cell. And captain Butler still left the plaintiff and ex-cellmate in the cell together after he knew it was a problem and officer Ms. Taylor told him it was wrong and knew administrative segregation

(8)

status inmates impose a threat to each other. He Butler put the plaintiff life and ex-cell mate Morris Neal life in danger. And his failure to terminate and expedite this matter makes Captain Butler liable for the excessive force the officers used. Because if he would of seperated the plaintiff and his ex-cellmate Morris Neal to protect the plaintiff and his ex-cellmate the officers would of never had assaulted the plaintiff because there would of never been a issue. This makes captain Butler liable for violating the plaintiff 8th Amendment Rights that protects him from cruel and unusual punishment of the United States constitution. By officers Odell, Catongany, and Lindsey coming in the cell and body slamming the plaintiff on his face which his mouth, head, and nose was bleeding and put a scare on his head for life. This also resulted in a violation to the plaintiff 8th Amendment constitutional rights that protects him from cruel and unusual punishment that clauses under the United State Constitution. By correctional officer Lindsey standing straight up and kneeling on the plaintiff ribs caused pain and some sleepless nights of serious magnitude and Lindsey is liable

FOR VIOLATING THE PLAINTIFF 8TH AMENDMENT CONSTITUTIONAL RIGHTS WHICH CLAUSES UNDER THE UNITED STATES CONSTITUTION THAT PROTECTS FROM CRUEL AND UNUSUAL PUNISHMENT. BY NURSE PRACTIONER SAUNDRA KATZ, FEINBERG DENYING THE PLAINTIFF EFFECTIVE MEDICAL TREATMENT VIOLATED MY 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION THAT PROTECTS FROM CRUEL AND UNUSUAL PUNISHMENT, BECAUSE THE PLAINTIFF IS ENTITLED TO EFFECTIVE MEDICAL TREATMENT. FEINBERG FAILURE TO PROVIDE DECENT MEDICAL TREATMENT VIOLATED MY 8TH AMENDMENT CONSTITUTIONAL RIGHTS THAT GUARANTEES DECENT MEDICAL TREATMENT DURING INCARCERATION OF THE UNITED STATES CONSTITUTION WHICH SHE NEVER GAVE ME BECAUSE I HAD TO GO TO AN OUTSIDE HOSPTIAL AT UCONN.

(4) CONCLUSION

FOR ALL THE FOREGOING REASONS, THE PLAINTIFF IS RESPECTFULLY REQUESTING THE ON GOING COMPLAINT BE CONFIRMED.

BY: PLAINTIFF
Kevin S. Tucker #94084
MacDougall, correctional
1153 East Street South
Suffield, ct 06080