UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

KEVIN S. TUCKER                  :
                                 :            PRISONER
     v.                          :   CASE NO.  3:02cv1357(WWE)(HBF)
                                 :
CAPTAIN MAURICE BUTLER, et al.   :

RULING AND ORDER

Plaintiff has filed two motions for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, plaintiff's motions are denied without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989).  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

In his motion, plaintiff identifies several law firms that declined representation.  He also states that he contacted Inmates' Legal Assistance Program and was informed that Inmates' Legal Assistance Program can only help him "so far."  He does not indicate whether he has received any assistance from program attorneys.  Although he attached a letter from a program attorney

to one of the motions, the letter only acknowledges receipt of an affidavit from another inmate regarding the incident that is the subject of this action.  The court is aware that Inmates' Legal Assistance Program will not appear on behalf of plaintiff.  The program will, however, provide legal assistance in the form of responses to motions filed by defendants and assistance with discovery matters if an inmate meets certain requirements.  Plaintiff does not indicate that he has been refused this type of assistance.  Because it is not clear whether Inmates' Legal Assistance Program will provide assistance, the court cannot determine whether plaintiff is unable to obtain legal assistance on his own.

Accordingly, plaintiff's motions for appointment of counsel [**docs. #21 & #24**] are **DENIED** without prejudice.  Any future motion for appointment of counsel shall indicate why the assistance available from Inmates' Legal Assistance Program is inadequate at this stage of litigation.

**SO ORDERED** this 12th day of October, 2004, at Bridgeport, Connecticut.

```
        ___/s/_____
        HOLLY B. FITZSIMMONS
        UNITED STATES MAGISTRATE JUDGE
```